JOSEPH A. CLARKEN, PLAINTIFF, v. LEWIS ROSENBERG, DEFENDANT.

Argued January 17, 1929—Decided October 14, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *Lionel P. Kristeller.*

For the defendant, *Salvatore La Corle.*

PER CURIAM.

Plaintiff recovered a judgment for the amount charged for medical and surgical attendance rendered to a Mrs. Carew at the request, as alleged, of the defendant. The defense was a denial of the making of any promise to pay, and also that the promise, if made, was collateral and not in writing.

The circumstances are a little out of the ordinary. It appears that Mrs. Carew was a patient of the defendant who is a dentist, and that the defendant was desirous of making use of Mrs. Carew as an exhibit in his line at some meeting in New York, and, accordingly, invited her to go there. For some reason, Mrs. Carew's car was used for the trip, but at her request the defendant, Rosenberg, drove the car, and while on the way there was a collision as a result of which Mrs. Carew's nose was very badly fractured and she was taken to the hospital, and attended in the first instance by a young interne named Sbarra. Defendant, Rosenberg, was

also taken to the same hospital for injuries of his own, and while there inquired about Mrs. Carew, and said to Doctor Sbarra, according to the testimony, "see to it that the nose is fixed up right and get the right man to do it and I will take care of the bill." Sbarra thereupon, in view of these instructions, employed the plaintiff who was visiting surgeon at the hospital and who took charge of the case and attended to Mrs. Carew in regular course. Plaintiff and defendant had no direct communication with each other, and plaintiff testified that the orders he received were those transmitted by Doctor Sbarra. Plaintiff admitted that he knew Mrs. Carew was a married woman, but never saw her husband, although he visited her at her home for treatment after she left the hospital. There are other circumstances in the case on which it is unnecessary to dwell at this time.

The first reason urged is that the court erred in refusing to nonsuit, and stress is laid on the fact that plaintiff did not testify that Sbarra told him the defendant was his employer. That, however, would not, in our estimation, lead to a nonsuit. It is also urged that the evidence shows a collateral promise. Our view is to the contrary. If the testimony above recited is to be believed, it would seem fairly clear that the defendant assumed the immediate responsibility for the surgeon's bill, that he authorized Sbarra to employ a proper surgeon, and that the plaintiff accepted the employment with that understanding.

The second reason is the failure of the court to direct a verdict, and this is controlled by the same considerations just stated.

Reasons 3 to 7 go to the weight of evidence. The questions in the case were for the jury, and we are unable to say that they reached a wrong finding on the evidence.

The last reason is that the damages are excessive. The amount claimed was $900, and the jury found a verdict for that amount. We are similarly unable to say that this verdict was excessive. The injuries were very severe and required the best of skilled treatment over a somewhat extended period.

The rule to show cause will be discharged.